PRESCOTT C. BRIDGHAM and Others, Respondents, v. JAMES J. KELLY, Defendant, Impleaded with JAMES F. KELLY, Appellant.

*Fraudulent conveyance — surrender of the property by the transferee to a judgment creditor of the transferrer, who had levied thereon — the transferee is not liable to a subsequent judgment creditor of the transferrer.*

Where a fraudulent transferee of personal property, acting with the transferrer thereof, surrenders such property to a *bona fide* judgment creditor of the fraudulent transferrer, who has levied upon the property under an execution issued upon his judgment, creditors of the fraudulent transferrer who thereafter obtain, upon claims existing prior to the transfer, a judgment against the fraudulent transferrer and issue an execution thereon which is returned unsatisfied, cannot maintain an action against the fraudulent transferee to set aside the transfer and recover from him the value of the property transferred.

APPEAL by the defendant, James F. Kelly, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Broome on the 30th day of June, 1902, upon the decision of the court rendered after a trial at the Broome Special Term, setting aside a confession of judgment and a chattel mortgage given by the defendant James J. Kelly to his father, the defendant James F. Kelly.

The action was brought by the plaintiffs for the purpose of set-

ting aside a confession of judgment and chattel mortgage made by the defendant James J. Kelly to his father, the defendant James F. Kelly, on the 2d day of June, 1900, alleged to have been given and received with the intent of hindering, delaying and defrauding the plaintiffs. The plaintiffs are judgment creditors of the defendant James J. Kelly, having judgments recovered after the confession of judgment and the chattel mortgage were given, upon claims existing prior thereto, and upon which judgment executions had been returned unsatisfied prior to the commencement of this action. On July 6, 1900, and prior to the recovery of any of the plaintiffs' judgments, the goods covered by the chattel mortgage were levied upon under an execution issued upon a judgment recovered by one Griswold upon a *bona fide* indebtedness against the defendant James J. Kelly, and on July eleventh these goods were surrendered or turned over by James F. Kelly and James J. Kelly in payment and satisfaction of the Griswold judgment. The court decided that the confession of judgment and the execution of the chattel mortgage to secure the same were made with the intent on the part of both of the defendants of hindering, delaying and defrauding the plaintiffs; that they were fraudulent and void as to the plaintiffs and that the defendant James F. Kelly about July 12, 1900, assumed dominion over the property covered by the chattel mortgage and took the same into his possession under the mortgage and immediately disposed of the same, so that the plaintiffs were prevented from reaching the property in satisfaction of their judgments. It was found that the property was worth the sum of $375 at the time of the execution of the confession of judgment and the chattel mortgage. Judgment upon the decision was rendered against the defendant James F. Kelly for the sum of $375 damages, with interest from July 12, 1900, besides costs, and from that judgment he has appealed.

*Frank J. Mangan,* for the appellant.

*T. B. Merchant* and *L. M. Merchant,* for the respondents.

CHESTER, J. :

The plaintiffs' judgments were not recovered until several weeks after the levy under the Griswold judgment and after the appli-

cation of the property covered by the chattel mortgage to the payment of that judgment.

It may be conceded, therefore, that the finding that the confession of judgment was void as not containing a sufficient statement of facts under the law to support it, and that the finding that the confession of judgment and chattel mortgage were fraudulent and void as against the plaintiffs, have sufficient support in the testimony, yet the judgment appealed from cannot be sustained.

There is no proof that James F. Kelly ever received any of the goods covered by the chattel mortgage except to turn them over in payment of a valid judgment against his son. He has not been benefited in any way by the transaction. Nor have the plaintiffs been injured by any act of his in relation thereto. If the fraudulent confession of judgment and chattel mortgage had not been given and accepted, or if he had insisted that he owned the goods under the fraudulent mortgage, the levy under the Griswold judgment would, nevertheless, in either event, have been a good one and effective to reach these goods for application to the payment of that judgment. How then could the plaintiffs be injured when these goods were lawfully applied to the payment of a valid judgment against the son weeks before the plaintiffs had a judgment? By the joint act of the appellant and his son in applying these goods to the satisfaction of the Griswold execution and judgment they were lawfully put beyond the reach of any execution which the plaintiffs thereafter became entitled to issue.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment reversed on law and facts and new trial granted, with costs to appellant to abide event.